

U.S. Department of Justice

Office of the United States Trustee
Central District of California

Issued: February 25, 2003

# UNITED STATES TRUSTEE
# CENTRAL DISTRICT OF CALIFORNIA

## *AMENDED BANKRUPTCY PETITION PREPARER GUIDELINES*

In accordance with its obligation to monitor compliance with 11 U.S.C. § 110, the United States Trustee for the Central District of California is providing the following guidelines for non-attorneys who prepare documents for filing in the United States Bankruptcy Court. Failure to comply with the following guidelines will result in enforcement actions by the Office of the United States Trustee.

1. A bankruptcy petition preparer may only type forms. When a bankruptcy petition preparer provides services that go beyond the above, those services can constitute the unauthorized "practice of law."

2. A bankruptcy petition preparer is not an attorney and is not authorized to practice law. As defined by statute and case law, the activities that constitute the practice of law in the bankruptcy court include, but are not limited to, the following:

    A. Determining when to file bankruptcy;
    B. Explaining the difference between chapters or determining under which chapter of the Bankruptcy Code to file a voluntary petition;
    C. Explaining information necessary to complete the bankruptcy petition;
    D. Advising debtors regarding the claiming of exemptions;
    E. Explaining or determining which debts are priority, secured, or unsecured;
    F. Suggesting or determining where items belong on the petition, based on information provided by a debtor;
    G. Preparing any pleadings other than filling out official forms promulgated by the United States Supreme Court or by the United States Bankruptcy Court of the Central District of California;
    H. Explaining or discussing the impact that a bankruptcy filing may have on an eviction or foreclosure proceeding;
    I. Explaining or discussing the impact that a bankruptcy filing may have on the dischargeability of debts, including outstanding student loans or taxes;

**U. S. TRUSTEE BANKRUPTCY PETITION PREPARER GUIDELINES, page 2**

    J.  Explaining, discussing, or assisting a debtor with a reaffirmation agreement;

    K.  Assisting or appearing with the debtor or on a debtor's behalf at the § 341(a) Meeting of Creditors;

    L.  Discussing or assisting a debtor with determining whether a certain debt should be reaffirmed or redeemed; and

    M.  Providing advice or guidance to a debtor regarding the actions that may or may not be taken by a creditor, United States Bankruptcy Trustee, United States Bankruptcy Court, United States Bankruptcy Judge, or another third party.

3. Translating documents may not necessarily be considered the practice of law. However, translation services provided to a debtor should not include services listed in paragraph 2 above.

4. A petition preparer has an ongoing responsibility to disclose to the court any fees received or compensation agreement not previously disclosed to the court. Within ten (10) days of receiving additional compensation or entering into an agreement with a debtor(s) for additional compensation, the petition preparer shall disclose all additional fees or compensation arrangements to the court.

5. The charge typically allowed in this district for a bankruptcy petition preparer's services is no more than $200, including, but not limited to, any and all expenses such as photocopying, costs of credit reports, postage and telephone charges. The United States Trustee may object to any fee above this amount. A lower fee ceiling may apply to an incomplete bankruptcy filing or any document where only limited typing is necessary. This fee does not include the filing fee, which the debtor must pay directly to the clerk of the bankruptcy court. All filing fees shall be made payable to the "United States Bankruptcy Court," and the petition preparer must disclose the amount of those filing fees to the debtor when the preparer informs the debtor of the cost of his or her services.

6. Debtors have the right to file their bankruptcy documents in person at the Bankruptcy Court or by mailing them to the Court, consistent with the Court's procedure. Should a preparer assist with the physical filing of petitions with the Court or charge a debtor for messenger or courier costs, the U.S. Trustee may file a motion for fines under 11 U.S.C. § 110(g) and/or request that the Court order the preparer to return those costs to the debtor. If messenger or courier costs are charged, the total amount for all preparer services, excluding the filing fees, may not exceed the $200 referred to in paragraph 5.

### U. S. TRUSTEE BANKRUPTCY PETITION PREPARER GUIDELINES, page 3

7. Before typing any document whatsoever and before accepting any money from the debtor(s), the bankruptcy petition preparer must provide a copy of these Guidelines to the debtor(s), which must be signed and dated by the debtor(s) and the bankruptcy petition preparer as provided below. The original signed copy of the Guidelines must be attached to any petition, pleading or other document filed with the court. If these Guidelines are filed with the bankruptcy petition, the U.S. Trustee suggests that it be placed in front of the mailing matrix.

8. If a bankruptcy petition preparer communicates with a debtor primarily in a language other than English, the petition preparer shall provide a copy of these Guidelines to the debtor(s) in that language.

9. A petition preparer should keep a copy of the Guidelines signed by the debtor for a period of two years from the date of signature.

10. Upon motion of a debtor, a creditor, or any party in interest, including the United States Trustee, or on the court's own motion, the fees of a bankruptcy petition preparer may be reduced at the discretion of the Court. THE U.S. TRUSTEE MAY REQUEST THAT THE COURT ORDER ALL FEES REFUNDED TO A DEBTOR WHERE THE BANKRUPTCY PETITION PREPARER HAS ACTED INCOMPETENTLY, ILLEGALLY, HAS ENGAGED IN THE UNAUTHORIZED PRACTICE OF LAW, OR HAS FAILED TO COMPLY WITH THESE GUIDELINES.

11. Anyone, including a debtor, who believes that a bankruptcy petition preparer has violated 11 U.S.C. § 110 or has given legal advice should advise the United States Trustee in writing of the circumstances.

12. These guidelines replace the Guidelines issued on July 15, 2002 and are effective March 1, 2003.

Name of Debtor(s): ___Caroline E Mitchum___
Please print or type

I declare under penalty of perjury that I have provided a copy of these guidelines to the debtor(s) in this case.

X ___[signature]___    Date: _12/21/2003_
Signature of Bankruptcy Petition Preparer

I declare under penalty of perjury that the above listed non-attorney bankruptcy petition preparer has provided me with a

**U. S. TRUSTEE BANKRUPTCY PETITION PREPARER GUIDELINES**, page 4

copy of these guidelines.

x _____*[signature]*_____     Date: 21 Dec 03
Signature of Debtor


x _____     Date: _____
Signature of Joint Debtor (Spouse)

v. 2/25/03